UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MARK CALZONETTI,                                    Case No.

              Plaintiff,

                            **COMPLAINT**

    vs.

LONG ISLAND UNIVERSITY,                        **PLAINTIFF DEMANDS
A TRIAL BY JURY**


                Defendant.

---

       Plaintiff, Mark Calzonetti by and through his attorneys, Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins and Meyers Fried-Grodin, LLP, as and for his Complaint, states as follows:

### STATEMENT OF THE CASE

    1.  This is an action, by an aggrieved individual against his former employer, alleging violations of Federal, State, and City law for unlawful discrimination based upon his age.

### THE PARTIES

    2.  Plaintiff Mark Calzonetti ("Plaintiff" or "Mr. Calzonetti") is an individual who resides in Neptune City, New Jersey

    3.  Mr. Calzonetti has been a basketball coach since 1985.

    4.  From in or about May 2012 until his termination in or about early July 2015, Mr. Calzonetti was employed by Defendant Long Island University ("LIU") as an Associate Head Coach.

    5.  At all relevant times, Mr. Calzonetti worked at LIU's campus located in Brooklyn (Kings County).

- 1 -

6.   Upon information and belief, LIU's principal place of business is 1 University Plaza, Brooklyn, New York, 11201, located in the County of Kings.

7.   At all relevant times, LIU has had more than twenty (20) employees.

## JURISDICTION AND VENUE

8.   Jurisdiction is based on 28 U.S.C. § 1331, insofar as this action involves statutes of the United States, and specifically the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq.* ("ADEA".)

9.   Additionally, Plaintiff Calzonetti relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to state law claims that form other bases for recovery upon the same factual nexus, specifically the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL").

10.   Venue is based on 28 U.S.C. § 1391(b)(1) insofar as LIU resides within this Judicial District, and (b)(2) insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

11.   Prior to filing this Complaint, Plaintiff Calzonetti, on August 17, 2015, filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

12.   On March 15, 2017, the EEOC issued a right to sue letter to Plaintiff Calzonetti.

13. Pursuant to Section 8–502(c) of the New York City Administrative Code, prior to commencing this action, Plaintiff served a copy of this Complaint upon the New York City Commission on Human Rights and the Corporation Counsel.

## FACTS COMMON TO ALL COUNTS

14.   Plaintiff Calzonetti re-alleges and incorporates the allegations set forth in paragraphs above.

### A.   Plaintiff Calzonetti Was a Good Performer with an Excellent Employment History

15.   Mr. Calzonetti has been a basketball coach for approximately three decades.

16.   Mr. Calzonetti has an excellent performance history.

17.   In or about September 2012, Mr. Calzonetti received a one-year contract to coach basketball at LIU for $95,000.

18.   In September 2013, LIU raised his salary to $97,500 and gave him a new one-year contract to coach basketball.

19.   In September 2014, Mr. Calzonetti received another one-year contract with a salary of $99,206.25.

20.   Mr. Calzonetti worked tirelessly in this position.

21.   He worked Monday through Friday from 6 a.m. to 8 p.m.

22.   On Saturdays and Sundays, he worked from 6 a.m. to 2 p.m.

23.   During his tenure at LIU, he took one (1) week of vacation.

24.   Mr. Calzonetti was responsible for recruiting some of the best players that LIU's basketball program had.

25.   Accordingly, Mr. Calzonetti was the kind of coach that LIU would reasonably be expected to try to retain – barring an unlawful motivation.

**B. Plaintiff Calzonetti Was Terminated Because of His Age**

26. On May 20, 2015, Head Coach Jack Perri met with Mr. Calzonetti and the other assistant coaches: Chuck Bridge, Jimmy Mack and Jason Harris (all of whom were in their early 30's).

27. At that time, Mr. Perri was 40 years old.

28. At that meeting, Mr. Perri said that if communication did not improve he was going to "get rid of all of you."

29. On Wednesday, June 24, 2015, Mr. Calzonetti met alone with Mr. Perri.

30. At that meeting, Mr. Perri said to Mr. Calzonetti that "based on your age, you might be too old for this."

31. Mr. Perri further said that "there seems to be a disconnect" with the members of the staff and Mr. Calzonetti.

32. Mr. Perri told Mr. Calzonetti that Mr. Calzonetti was "an old school coach."

33. Mr. Calzonetti concluded that he was being subjected to age discrimination.

34. Mr. Calzonetti therefore contacted the EEOC on Friday, June 26, 2015.

35. He spoke to an EEOC representative again on Monday, June 29, 2015.

36. During these discussions, Mr. Calzonetti reported Mr. Perri's statements.

37. On Wednesday, July 1, 2015, Mr. Perri verbally informed Mr. Calzonetti that he was being terminated.

38. At the time of his termination, Mr. Calzonetti was 55 years old.

39. Mr. Calzonetti was replaced by Kenyon Spears who, upon information and belief, was in his mid-30's.

40. LIU has not provided any legitimate reason for firing Mr. Calzonetti.

41.   LIU treated Mr. Calzonetti disparately because of his age.

## COUNT ONE
### (Age Discrimination Under ADEA)

42.   Plaintiff Calzonetti re-alleges and incorporates the allegations set forth in the paragraphs above.

43.   LIU caused Mr. Calzonetti to experience adverse employment actions, including discharge from his employment, due to his age.

44.   LIU's actions constitute a violation of the ADEA.

45.   As a result of LIU's unlawful actions, Mr. Calzonetti has suffered a loss of employment, and a loss of wages, benefits, advancements in seniority, and other emoluments of employment.

46.   In addition, Mr. Calzonetti has suffered emotional distress.

47.   LIU's unlawful conduct was egregious, willful, wanton and/or in reckless disregard of Mr. Calzonetti's rights and, moreover, upon information and belief, involved the participation of upper management, including Coach Perri, thus warranting the imposition of punitive damages.

## COUNT TWO
### (Age Discrimination Under the NYSHRL)

48.   Plaintiff Calzonetti re-alleges and incorporates the allegations set forth in the paragraphs above.

49.   LIU caused Mr. Calzonetti to experience adverse employment actions, including discharge from his employment, due to his age.

50.   LIU's actions constitute a violation of the New York State Human Rights Law (Executive Law § 296).

51.   As a result of LIU's unlawful actions, Mr. Calzonetti has suffered a loss of employment, and a loss of wages, benefits, advancements in seniority, and other emoluments of employment.

52.   In addition, Mr. Calzonetti has suffered emotional distress.

53.   LIU's unlawful conduct was egregious, willful, wanton and/or in reckless disregard of Mr. Calzonetti's rights and, moreover, upon information and belief, involved the participation of upper management, including Defendant Perri, thus warranting the imposition of punitive damages.

**COUNT THREE**
**(Age Discrimination Under the NYCHRL)**

54.   Plaintiff Calzonetti re-alleges and incorporates the allegations set forth in the paragraphs above.

55.   LIU caused Mr. Calzonetti to experience adverse employment actions, including discharge from her employment, due to his age.

56.   LIU's actions constitute a violation of the New York City Human Rights Law (New York City Administrative Code Section 8-107 *et seq*.).

57.   As a result of LIU's unlawful actions, Mr. Calzonetti has suffered a loss of employment, and a loss of wages, benefits, advancements in seniority, and other emoluments of employment.

58.   In addition, Mr. Calzonetti has suffered emotional distress.

59.   LIU's unlawful conduct was egregious, willful, wanton and/or in reckless disregard of Mr. Calzonetti's rights and, moreover, upon information and belief, involved the participation of upper management, including Coach Perri, thus warranting the imposition of punitive damages.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

## PRAYER

WHEREFORE, Plaintiff Mark Calzonetti demands judgment against the Defendant Long Island University for the following:

a.   compensatory damages including back pay, front pay, and emotional distress;

b.   pre-judgment and post-judgment interest;

c.   attorneys' fees and costs;

d.   punitive damages; and

e.   such other and further relief as the Court finds just and proper.

Respectfully submitted,

**JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS**
Attorneys for Plaintiff Mark Calzonetti

By: _____

Dated: June 9, 2017

Andrew M. Moskowitz, Esq. (Bar no. 2905347)
501 Seventh Avenue, Suite 520
New York, NY 10018
Phone: (212) 596-7656
E-mail: AMoskowitz@JaverbaumWurgaft.com

- 7 -

**MEYERS FRIED-GRODIN LLP**
Attorneys for Plaintiff Mark Calzonetti

By:_____

Dated: June 9, 2017

Jonathan Meyers, Esq. (Bar no. 3914074)
Empire State Building
350 Fifth Avenue, 59th Floor
New York, NY 10118
Phone: (646) 596-1292
E-mail: JMeyers@MfgLegal.com


TO:   LONG ISLAND UNIVERSITY
1 University Plaza
Brooklyn, NY 11201